B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Erving Industries, Inc. and Erving Paper Mills, Inc. | **DEFENDANTS**<br>The Huntington National Bank |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Hendel & Collins, P.C.<br>101 State Street,<br>Springfield, MA 01103<br>Tel. 413-734-6411 | **ATTORNEYS** (If Known)<br>Daniel J. Carragher, Esq.<br>Day Pitney LLP<br>One International Place<br>Boston, MA 02110 |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine secured status of creditor (11 U.S.C. §506) and to determine appropriate amount of adequate protection payments (11 U.S.C. § 361)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property **(1)**

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment **(2)**

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ N/A |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Erving Industries, Inc. et al. | BANKRUPTCY CASE NO.<br>09-30623-HJB  Jointly Administered | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Western | NAME OF JUDGE<br>Henry J. Boroff |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ George I. Roumeliotis | | |
| DATE<br><br>July 31, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>George I. Roumeliotis | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re ) | Chapter 11, No. 09-30623-HJB |
| ) | (Jointly Administered) |
| ERVING INDUSTRIES, INC., et al. ) | |
| Debtors ) | |
| ) | |
| ERVING INDUSTRIES, INC. ) | Adversary Proceeding No. _____ |
| ERVING PAPER MILLS, INC. ) | |
| Plaintiffs ) | |
| v. ) | |
| THE HUNTINGTON NATIONAL BANK ) | |
| Defendant ) | |

## **COMPLAINT**

### **Jurisdictional, Venue and Procedural Allegations**

1. This is an Adversary Proceeding brought pursuant to Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9) to determine the extent of certain liens on the Debtor's property, to obtain a declaratory judgment as to the value of the encumbered collateral, and to obtain a declaratory judgment as to the amount of adequate protection payments with respect to the collateral.

2. As a Bankruptcy Court, this Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157. Section 157 confers jurisdiction upon this Court over

proceedings arising under Title 11 of the United States Code and of civil proceedings arising in or related to cases under Title 11 of the United States Code.

3. Pursuant to 11 U.S.C. § 105(a), this Court has the equitable power to issue Orders that are necessary and appropriate to carry out the provisions of 11 U.S.C. §§ 101-1330.

### Parties

4. Plaintiff Erving Industries, Inc. ("EII") is a debtor-in-possession in the above-captioned jointly administered bankruptcy cases (EII's docket number is 09-30623-HJB). EII is a corporation established under Massachusetts law, and is headquartered at 97 East Main Street, Erving, Massachusetts.

5. Plaintiff Erving Paper Mills, Inc. ("Paper") is a debtor-in-possession in the above-captioned jointly administered bankruptcy cases (Paper's docket number is 09-30624-HJB). Paper is a wholly-owned subsidiary of EII. Paper is a corporation established under Massachusetts law, and is headquartered at 97 East Main Street, Erving, Massachusetts. EII and Paper are herein jointly referred to as "Plaintiffs".

6. The Defendant Huntington National Bank ("Huntington" or the "Defendant") is a creditor of the Plaintiffs, and has a business address located at 105 East Fourth Street, Cincinnati, Ohio 45202.

2

**Factual Allegations**

7. On April 20, 2009 (the "Petition Date"), Plaintiffs filed Voluntary Petitions pursuant to Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts. An Order providing for the joint administration of the Plaintiffs' cases along with a third related entity, ERSECO, Inc., was entered on April 22, 2009.

8. Paper and First American Commercial Bancorp, Inc. ("First American") entered into an agreement entitled "Master Lease" dated as of December 6, 2006, with respect to equipment provided and to be provided to Paper. The equipment that is subject to the "Master Lease" document (hereinafter "Equipment") is described in six (6) "Equipment Schedules". Each of said equipment schedules contain a Notice of Assignment and Acknowledgment of Notice whereby Paper was informed that the rights of First American to the remaining payments due under the various equipment schedules had been assigned to Huntington, the Defendant in this Complaint. Furthermore, a UCC-1 financing statement has been recorded at the Secretary of the Commonwealth of Massachusetts with respect to the perfection of the interests of the Defendant in the Equipment. All of the aforementioned documents are attached hereto as Exhibit "A".

9. Additionally, on December 5, 2006, EII executed a guaranty of the obligations of Paper to First American. A mortgage was granted on real estate owned by EII which is located south of Route 2 in Erving, Massachusetts and which property included the Plaintiff's main paper mill facility (the "Property") for the purpose of securing EII's obligations under the guaranty. Said mortgage (hereinafter "Mortgage") is dated

3

September 24, 2007, and was registered on September 26, 2007, with the Franklin County Land Court District as document 2007-00007270 in connection with Certificate of Title No. 1. Copies of said guaranty and Mortgage are attached hereto as Exhibit "B" and Exhibit "C", respectively.

10. On June 5, 2009, the Plaintiffs filed in the jointly administered bankruptcy cases a Motion to Extend Time for Performance Pursuant to 11 U.S.C. § 365(d)(5) ("Motion"), in which Paper and EII argued that Defendant's rights in the Equipment was as a secured creditor and not as lessor. Paper and EII stated in the Motion that the Master Lease and related equipment schedules and other ancillary documents are actually a disguised financing transaction, and not a true lease. In its Objection to the Motion filed on June 9, 2009, Huntington conceded that the Master Lease and related equipment schedules and other ancillary documents were in fact disguised financing arrangements and not a true lease. See (Huntington Obj., dated Jun. 9, 2009, Docket # 98 at ¶ 15.)

11. In the Mortgage, EII and First American agreed that the Mortgage would be discharged and the Property to be encumbered by the Mortgage would be reduced as soon as EII was able to subdivide the Property and create a smaller separate lot upon which EII's new machinery building addition would be constructed (the "Machinery Building") and in which the Equipment was to be housed (the "Machinery Building Lot"). See (Mortgage, Ex. "C" at § 5.5.) Upon such subdivision, the parties agreed that a new mortgage would be executed in favor of First American, encumbering only the Machinery Building Lot. Id.

4

12. A preliminary subdivision plan dated August 29, 2007 was prepared by Heritage Surveys, Inc. for EII.

13. On or about September 4, 2007 prior to the grant of the Mortgage, the preliminary plan was reviewed, and upon information and belief approved, by First American, and its counsel. The plan describes and depicts the proposed location, size and dimensions of the new Machinery Building Lot which was to be created from a portion of Lot B as shown on said plan.

14. EII is continuing to perform work required to effectuate the subdivision of the Property.

15. Upon information and belief, First American subsequently transferred all of its rights under both the Mortgage and the various other financing documents described herein to Huntington.

16. Upon information and belief, Huntington's total claim against the Plaintiffs is approximately $4 Million.

17. A pre-petition appraisal of the equipment performed by experienced paper machinery appraiser engaged by the Plaintiffs presented a report to the plaintiffs indicating that the Equipment has a value of approximately $316,000.00.

18. A pre-petition appraisal of the Erving Paper Mill land and building at 97 East Main Street in Erving was performed by an experienced real estate appraiser engaged by the Plaintiffs presented a report to the Plaintiffs in April of 2009 indicating that the value of the Erving Paper Mill land and building is $ 450,000.00.

19. Upon information and belief, the value of the Machinery Building Lot, which comprises only approximately 16½ % of the Property, is less than $100,000.00.

## Count I
### Defendant's Allowed Secured Claim is Limited to the Value of the Equipment and the Machinery Building Lot (11 U.S.C. § 506(a))

20. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

21. Under Section 506(a)(1) of the Bankruptcy Code, an allowed secured claim is only secured to the extent of the value of the collateral. 11 U.S.C. § 506(a)(1).

22. As the combined value of the Equipment and Machinery Building Lot is significantly less than the amount of Defendant's claim, the Defendant holds an allowed secured claim equal to the combined value of such Equipment and Machinery Building Lot, and the remainder of Defendant's claim is unsecured. 11 U.S.C. § 506(a)(1).

## Count II
### Defendant Is Entitled to Adequate Protection Payments of no more than $1,100 per Month (11 U.S.C. § 361)

23. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

24. Under Section 361 of the Code, a secured creditor is entitled to adequate protection payments to the extent that the creditor's collateral is depreciating.

25. Upon information and belief, the useful remaining life of all of the Equipment is approximately 25 years.

26. Upon information and belief, the real property subject to the Mortgage is neither appreciating nor depreciating at this time. Huntington is, therefore, not entitled to adequate protection payments with respect to the real property subject to the Mortgage.

27. Using a straight-line depreciation calculation, and utilizing $316,000.00 as the approximate value of the Equipment, the value of the Equipment is declining at a rate of less than $1,100.00 per month.

WHEREFORE, Plaintiff requests the following relief:

1. Under Count I, that the Court enter a declaratory judgment holding that Huntington's secured claim is limited to the value of the Equipment and the Machinery Building Lot;

2. Under Count II, that the Court enter a declaratory judgment determining that until Huntington's secured claim as determined by the court is satisfied, that Huntington is entitled to monthly adequate protection payments of no more the value of the Equipment as of the Petition Date divided by 300, the estimated number of months remaining in the Equipment's

7

useful economic life; and

    3.    Any other and further relief that the Court deems just and proper.

                               ERVING INDUSTRIES, INC. and
                               ERVING PAPER MILLS, INC.

Dated: July 31, 2009

                              By: /s/ George I. Roumeliotis
                                PHILIP J. HENDEL, ESQ.
                                (BBO No. 230080)
                                HENRY E. GEBERTH, JR., ESQ.
                                (BBO No. 187940)
                                GEORGE I. ROUMELIOTIS, ESQ.
                                (BBO No. 564943)
                                For HENDEL & COLLINS, P.C.
                                101 State Street
                                Springfield, MA  01103
                                Tel. (413) 734-6411
                                groumeliotis@hendelcollins.com

I:\USERS\CLIENT\Erving Industries\Huntington-Adversary Proceeding\Complaint to Determine Secured Status of Huntington-3IR changes.doc